NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

BONIFACIO ESCARENO SEGURA, *Appellant*.

No. 1 CA-CR 17-0754
FILED 10-11-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-102674-001
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Lawrence F. Winthrop joined.

_____

**C A T T A N I**, Judge:

**¶1**        Bonifacio Escareno Segura appeals his conviction of burglary in the third degree and the resulting sentence.  Segura's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  Segura was given the opportunity to file a supplemental brief, but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm Segura's conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        In January 2016, Segura and an accomplice entered a convenience store and took approximately $300 in goods, including cigarettes and lottery tickets.  After they left, the store clerk called the police.  A nearby officer noticed a car coming eastbound from the direction of the store, and he began following it.  The officer lost sight of the car for a few minutes, but eventually found it abandoned at a trailer park; the officer found cigarettes and lottery tickets in and around the car.  Police found Segura at the trailer park, and he made several incriminating statements about the burglary.  The State charged Segura with burglary in the third degree, a class 4 felony.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-1506.

**¶3**        Segura requested a jury trial.  The first trial, however, ended in a mistrial after jurors improperly discussed the case before the close of evidence.  At the second trial, the store clerk testified that Segura was one of the men who entered an area behind the counter and took items without paying for them, and the clerk's testimony was corroborated by surveillance footage from the store.

**¶4**        The jury found Segura guilty as charged, and after he admitted two prior felony convictions, the superior court sentenced him as

a category 3 repetitive offender to the presumptive 10-year term, with credit for 519 days of presentence incarceration. Segura timely appealed.

## DISCUSSION

**¶5**　　　We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶6**　　　Segura was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Segura all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Under A.R.S. § 13-1506(A)(1), a person commits burglary in the third degree by "[e]ntering or remaining unlawfully in or on a nonresidential structure . . . with the intent to commit any theft or any felony therein." Under A.R.S. § 13-1501(2), however, entering or remaining unlawfully, as applied to premises where merchandise is displayed for sale during normal business hours, is limited to entry in an unauthorized area of the premises. Here, although jurors were not specifically instructed regarding unauthorized areas, Segura did not raise this issue at trial, and his defense was based primarily on identity. There was video surveillance footage of the crime, and the evidence was undisputed that the perpetrators took the items from an unauthorized area: behind the counter. Under these circumstances, any deficiency in the instructions was not reversible error. *See Neder v. United States*, 527 U.S. 1, 18–20 (1999) (finding harmless error when jury instructions omitted an element of the offense, but the "omitted element is supported by uncontroverted evidence"); *State v. Dickinson*, 233 Ariz. 527, 530–31, 533, ¶¶ 10–12, 22 (App. 2013) (finding no reversible error where jury instruction misstated an element of the offense but defendant failed to show prejudice in light of facts and defense theory). Finally, Segura's sentence falls within the range prescribed by law, with sufficient credit given for presentence incarceration.

## CONCLUSION

**¶7**　　　Segura's conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Segura's representation in this appeal will end after informing Segura of the outcome of this appeal and his future options, unless counsel's review reveals an

issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Segura has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA